Dear Mr. Finalet:
You have requested an opinion of the Attorney General regarding the legal parameters within which the members of the Louisiana Board of Pharmacy (Board) must operate for the purposes of reimbursement of travel expenses and the payment of per diems. As noted in your request, the statutory provisions comprising the "Louisiana Pharmacy Practice Act" are found at R.S. 37:1161 through 1250 (Act No. 767 of the 1999 Regular Session of the Louisiana Legislature). Section 1178 provides the following:
 § 1178. Compensation of board members
 In accordance with the fee schedule provided in R.S. 37:1184, members of the board shall receive a per diem as defined by regulation.
Section 1184 provides, in pertinent part, the following:
 § 1184. Fees
 Notwithstanding any other provision of this Chapter, the fees and costs established by the board in accordance with R.S. 1182(A) (19) shall not be less than the following schedule:
 * * *
 (5) Per diem $75.00
Prior to its amendment by Act No. 767, per diem and travel expense reimbursements were governed by R.S. 37:1173(B). It provided:
 The members of the board shall receive a per diem of seventy-five dollars per day and may be reimbursed for actual and reasonable expenses approved by the board in connection therewith while attending regular or called board meetings or attending to official business of the board, the provisions of R.S. 39:231 notwithstanding.
As can be gleaned from the above, the effect of Act 767 is to remove the specific allowances previously provided by the Legislature.
Sections 1178 and 1184(5) clearly provide that it is within the discretion of the Board to define, by regulation, the purposes for which a per diem shall be paid, said per diem to be not less than seventy-five dollars. Section 1182(A) (1) specifically authorizes the Board to make the regulation in question.
R.S. 39:231 directs the Commissioner of Administration (Commissioner) to prescribe rules governing travel and traveling expenses for state officials and employees. It provides, in pertinent part, the following:
 A. Except as provided in Subsection B, Subsection C, and Subsection D, the commissioner of administration, with the approval of the governor, shall, by rule or regulation, prescribe the conditions under which each of various forms of transportation may be used by state officers and employees in the discharge of the duties of their respective offices and positions in the state service and the conditions under which allowances will be granted for traveling expenses.
Pursuant to the above statutory directive, the Commissioner promulgated Policy and Procedure Memorandum 49 (PPM 49), comprising the State general travel regulations. Section I(A) of PPM 49 states that "these regulations apply to all state departments, boards and commissions created by the legislature or executive order and operating from funds appropriated, dedicated, or self-sustaining; federal funds; or funds generated from any other source." Clearly, the Board is included in this definition.
Section II(b) defines "Authorized Persons" as:
 b. members of boards, commissions, and advisory councils required by federal or state legislation or regulation. Travel allowance levels for all such members and any staff shall be those authorized for state employees unless specific allowances are legislatively provided." (Emphasis added.)
Clearly, this definition includes members of the Board.
As previously noted, Act 767 effectively removed the specific allowances that were previously provided by the Legislature under R.S.37:1173(B). Accordingly, it is the opinion of this office that the reimbursement of travel and meal expenses for Board members must comport to the State general travel regulations promulgated in PPM 49.
You further state that the Legislative Auditor has noted that remedial legislation could effectively reinstate the pre-Act 767 travel allowances. We agree that remedial legislation would best accomplish this result.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj
DATE RECEIVED:
DATE RELEASED: September 5, 2001